Case 3:15-cv-01424-SI    Document 18    Filed 08/12/16    Page 1 of 12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFREY JAYE BARNES**, | Case No. 3:15-cv-01424-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Commissioner of Social Security, | |
| Defendant. | |

Merrill Schneider, Schneider Kerr Law Offices, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hébert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Erin F. Highland, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Mr. Jeffrey Barnes ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under

PAGE 1 – OPINION AND ORDER

Titles II and XIV of the Social Security Act. For the reasons discussed below, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born in 1966. AR 541. He speaks English and completed the twelfth grade. AR 246. He has past work experience as a machinist and a manufacturing technician. AR 237.

PAGE 2 – OPINION AND ORDER

Plaintiff protectively filed applications for SSI and DIB on March 5, 2012, alleging disability as of May 11, 2011, due to chronic obstructive pulmonary disease ("COPD") and a broken left ankle. AR 212-24, 246.

Plaintiff's applications were denied initially and upon reconsideration, and he requested a hearing before an ALJ. AR 118-25, 133-37, 139-42. An administrative hearing was held before ALJ John Rolph on December 31, 2013. AR 36-69. On January 15, 2014, ALJ Rolph issued a written decision denying Plaintiff's applications. AR 16. The Appeals Council denied Plaintiff's subsequent request for review on June 4, 2015, making the ALJ's decision final. AR 1. This appeal followed.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

PAGE 3 – OPINION AND ORDER

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

### C. The ALJ's Decision

After finding that Plaintiff met the insured status requirements of the Social Security Act, the ALJ performed the sequential analysis. AR 18. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after May 11, 2011, the alleged disability onset date. *Id*. At step two, the ALJ found that Plaintiff has the following severe impairments: morbid obesity; chronic obstructive pulmonary disease; obstructive sleep apnea with fatigue; left ankle or leg problems with edema or pain; status-post surgery; hypertension; depression; anxiety; and alcohol abuse. *Id.* At step three, the ALJ found that none of Plaintiff's severe impairments met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19.

The ALJ next assessed Plaintiff's RFC, and determined that Plaintiff can perform a range of sedentary work with the following limitations:

> [h]e may lift and carry 10 pounds occasionally and a negligible amount of weight frequently; stand and walk up to 30 minutes at a time; for a total of 2 hours in an 8 hour day; sit for 6 hours in an 8 hour day; must be allowed to sit or stand for 2 to 3 minutes at a time at 30 to 45 minute intervals, during which period he may remain on task; may occasionally engage in pushing, pulling, and foot pedal operations and crawl, but may never climb ladders,

> ropes or scaffolds; must avoid more than occasional contact with
> extreme cold, vibration, and hazards such as moving machinery
> and unsecured heights; must avoid even moderate exposure to
> irritants such as fumes, odors, dust, gases, chemicals, and poorly
> ventilated spaces; is fully capable of learning, remembering, and
> performing simple and detailed work tasks, which are performed at
> a routine and predictable work pace; and may have occasional
> contact with supervisors, coworkers, and the public.

AR 22.

Proceeding to step four, the ALJ concluded that Plaintiff could not perform any of his past work. AR 28. At step five, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including semi-conductor assembler and production clerk. AR 29. The ALJ therefore concluded that Plaintiff is not disabled. AR 29-30.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (A) rejecting Plaintiff's testimony; (B) rejecting the lay witness testimony; and (C) failing to make findings regarding transferability of Plaintiff's job skills. For the reasons discussed below, the ALJ's decision is affirmed.

**A. Plaintiff's Testimony**

Plaintiff first argues that the ALJ improperly rejected his testimony regarding his subjective symptoms and limitations. There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (quotation marks and citation omitted). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could

PAGE 6 – OPINION AND ORDER

reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

Effective March 16, 2016, the Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with a new rule, SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider of all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the

impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at \*6-7.

The ALJ's opinion was issued before the Social Security Administration changed the rules regarding the assessment of the Plaintiff's claimed limitations in SSR 16-3p. Because the ALJ's findings in regard to this issue are appropriate even under the new rules, the Court does not reach the issue of whether SSR 16-3p applies retroactively.

Plaintiff broke his left ankle in the late 1990s and underwent four surgeries that failed to resolve his ankle impairment. AR 318, 321, 324, 396. At the administrative hearing, Plaintiff testified that he ceased working primarily due to pain in his left lower extremity. AR 43-44. 541. Plaintiff alleges that he suffers from chronic leg pain caused by "any movement," which prevents him from walking long distances, and is alleviated only by lying down and resting. AR 273. He states that his leg pain prevents him from standing, sitting, or walking for any length of time, and that he is only able to prepare rudimentary meals because he can only stand for 15 minutes at a time. AR 267, 274. Plaintiff reported that he is unable to do any household chores or yard work, that he does not go out alone, and that he is unable to drive or shop. AR 268. He also reported that he can walk only 35 feet before needing to rest. AR 270.

The ALJ rejected Plaintiff's testimony attesting to his limitations for several reasons. AR 24, 26. First, the ALJ found that Plaintiff was noncompliant with treatment recommendations. AR 24. Unexplained noncompliance with treatment can provide a reason for rejecting a claimant's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012); *Tommasetti v Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, although Plaintiff was advised[1] to use a CPAP machine and testified that it helped his sleep apnea, he was nevertheless noncompliant and appeared to have lost his CPAP machine in July of 2012. AR 636-37, 758. Further, Plaintiff was apprised of but did not seek financial assistance to obtain medications. AR 745, 748, 754, 764. Finally, although Plaintiff was counseled on the dangers of his alcohol use, he failed to comply with his treatment plan to quit drinking and regularly consumed one pint to one fifth of vodka daily. AR 547, 553, 558, 580, 641, 645 (treatment note stating Plaintiff "is not interested in stopping his consumption of alcohol or ceasing his dependency"). Plaintiff's noncompliance with treatment recommendations provides a clear and convincing reason supporting the ALJ's credibility finding. *Tommasetti*, 533 F.3d at 1039.

The ALJ also found that Plaintiff's daily activities undermined the claimed severity of his limitations. AR 26. Evidence of an active lifestyle can undermine the credibility of a disability claimant's alleged limitations, *Bray*, 554 F.3d at 1226-27, and daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although Plaintiff stated that he is unable to stand longer than 15 minutes due to his impairments, treatment notes reveal that he had no difficulty with personal care, prepared simple meals and washed dishes daily, did laundry once a week, and

---

[1] The medical evidence indicates that Plaintiff suffers from additional impairments to those alleged in his application, including reactive airway disease, sleep apnea, hypertension, depression, and anxiety. *See* AR 349-50, 506-08.

regularly went shopping for groceries with his wife. AR 267, 543. The ALJ's determination that plaintiff was less limited than alleged based on this evidence was rational, even though the evidence may be susceptible to several rational interpretations. *See Burch*, 400 F.3d at 679 (where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld). It was a rational interpretation of the evidence in the record for the ALJ to conclude that Plaintiff had exaggerated his physical and mental limitations. *Bray*, 554 F.3d at 1226-27; *Rollins*, 261 F.3d at 857.

Although Plaintiff alleges errors in the ALJ's credibility determination, the ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *Batson*, 359 F.3d at 1196-97. Because the ALJ provided legally sufficient reasons supported by substantial evidence in the record in his credibility determination, it is affirmed.

## B.  Lay Witness Testimony

Plaintiff next argues that the ALJ erroneously rejected the lay testimony of Plaintiff's relatives, friends, and coworkers. Although the ALJ must provide "germane reasons" for rejecting the testimony of lay witnesses, he need not "clearly link his determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001); *see also Molina*, 674 F.3d at 1114.

The record contains lay statements from Plaintiff's wife (AR 307); friend and former co-worker Mike Roberts (AR 274, 309); former coworkers Roger Semenak (AR 304) and Mitchell Keppinger (AR 308); and children Justin Barnes (AR 305) and Sarah Barnes (AR 306). The lay testimony indicates that Plaintiff has difficulty walking, standing, and sitting due to swelling in his leg and difficulty breathing, and is therefore unable to work. AR 274, 304-09. Mr. Roberts reported that Plaintiff could walk only 25 feet before having to stop and rest for 10 minutes.

PAGE 10 – OPINION AND ORDER

AR 274. Plaintiff's children reported that he coughs and wheezes when he attempts to walk quickly, and that he has been to the hospital multiple times. AR 305-06.

The ALJ considered the lay testimony and assigned it little weight. AR 27-28. The ALJ found that the limitations alleged in the lay testimony were inconsistent with the medical record. *Id.* Inconsistency with medical evidence is a valid reason to discount lay statements. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the medical record indicates that Plaintiff is not as limited as alleged in the lay testimony in his ability to walk, stand, and sit. For example, state agency medical consultant Mary Ann Westfall, M.D., opined that Plaintiff could stand and walk for four hours in an eight-hour day and sit for six hours in an eight-hour day. AR 77-78. ALJ credited Dr. Westfall's opinion, providing a germane reason for rejecting the lay testimony. AR 27; *Bayliss*, 427 F.3d at 1218. The ALJ's evaluation of the lay witness testimony was supported by germane reasons and is affirmed.

## C.  Failure to Consider Transferability of Job Skills

Plaintiff also alleges that the ALJ erred at step five in finding that transferability of job skills was not material to this case. The Court rejects this argument. Based on Plaintiff's age and education, the ALJ applied Rules 201.28 and 201.21 and determined that transferability of job skills was not material to the determination of disability because the Medical-Vocational Rules ("the Grids") direct a finding of "not disabled" regardless of whether Plaintiff had transferable skills. AR 29; *see* 20 C.F.R. Pt. 404, Subpt.P. App.2 §§ 201.28 and 201.29 (directing a finding of not disabled for a "younger individual age 18-44" with a high school education where previous work is skilled—skills not transferrable *or* skills transferable). Because the Grids direct a finding of "not disabled" regardless of whether Plaintiff has transferable skills, the ALJ was not required

to decide whether Plaintiff's job skills were transferable.[2] *See Applegate v. Comm'r*, 2015 WL 1825405 (D. Or. Apr. 22, 2015) (finding transferability of skills was not material; therefore, ALJ was not required under SSR 82-41 to make specific findings of transferable skills); *James v. Colvin*, 2013 WL 6145297, *3-4 (D. Or. Nov. 21, 2013) (same). The ALJ's conclusion at step five is therefore affirmed.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 12th day of August, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] Further, nothing in SSR 82-41 or 20 C.F.R. §§ 404.1568, 416.968 requires the ALJ to make specific written findings of transferable skills in order to find a claimant able to perform semi-skilled work when transferability of skills is not material to the ultimate nondisability determination. *See* SSR 82-41, *available at* 1982 WL 31389; *see also Craft v. Colvin*, 2015 WL 4673601, *7-8 (D. Or. Aug. 6, 2015) ("There is no implication [in the Regulations] that a claimant can only be found able to perform semi-skilled work if the claimant has transferable skills from a previous position.").